**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON**

| | | |
|---|---|---|
| DAKOTA KWON on behalf of L.L.K., | ) | CASE NO. 1:21-CV-00290-CEH |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | CARMEN E. HENDERSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant, | ) | **ORDER** |
| | ) | |

## I. Introduction

Dakota Kwon ("Plaintiff"), on behalf of L.L.K ("Claimant"), seeks judicial review of the final decision of the Commissioner of Social Security denying Claimant's application for Supplemental Security Income ("SSI"). This matter is before me by consent of the parties under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (ECF No. 15). Because the ALJ followed the proper procedures and his findings are supported by substantial evidence, the Court AFFIRMS the Commissioner's final decision denying Claimant SSI.

## II. Procedural History

On May 1, 2016, it was determined that then four-month-old Claimant was disabled and had been since birth. (ECF No. 12, PageID #: 135). However, on December 14, 2017, the Social Security Administration determined that Claimant was no longer disabled. (ECF No. 12, PageID #: 153). This determination was upheld upon reconsideration, and Claimant requested a hearing before an administrative law judge ("ALJ"). (ECF No. 12, PageID #: 185–87). On March 18, 2020,

an ALJ held a hearing, during which Plaintiff, represented by counsel, testified. (ECF No. 12, PageID #: 116). On April 1, 2020, the ALJ issued a written decision finding Claimant was not disabled. (ECF No. 12, PageID #: 94). The ALJ's decision became final on December 2, 2020, when the Appeals Council declined further review. (ECF No. 12, PageID #: 83).

On February 3, 2021, Plaintiff filed her Complaint to challenge the Commissioner's final decision. (ECF No. 1). The parties have completed briefing in this case. (ECF Nos. 14, 17, 18). Plaintiff asserts the following assignment of error:

> The ALJ failed to properly explain his rationale, rendering his functional equivalence analysis unsupported by substantial evidence.

(ECF No. 14 at 3).

### III. Background

#### A. Relevant Medical Evidence

Claimant was born with spina bifida. (ECF No. 12, PageID #: 331). The day after her birth, January 13, 2016, Claimant underwent surgery to correct the spina bifida. (ECF No. 12, PageID #: 331). After the surgery, doctors additionally diagnosed her with hydronephrosis, secondary to neurogenic bladder. (ECF No. 12, PageID #: 331, 375). On follow-up in February 2016, Claimant was reportedly doing well, and Plaintiff denied symptoms. (ECF No. 12, PageID #: 386). A brain MRI showed enlarged ventricles and her doctor recommended surgery to address it. (ECF No. 12, PageID #: 386–87). Claimant underwent surgery and recovered well. (ECF No. 12, PageID #: 358).[1]

In July 2017, Claimant's doctor observed that she was doing "very well." (ECF No. 12, PageID #: 882–883). She stated that Claimant was walking with a push toy, eating better, and

---

[1] Based on the aforementioned facts, Claimant was awarded SSI benefits.

making progress with words. (ECF No. 12, PageID #: 882). Claimant was growing appropriately, was smiling and interactive, and had "improved from previous visits." (ECF No. 12, PageID #: 883). In February 2018, Claimant's doctor noted that she could walk on her own and run with a walker. (ECF No. 12, PageID #: 1208). Plaintiff catharized Claimant each night and twice during the day. (ECF No. 12, PageID #: 1208). In April 2019, it was noted that Claimant was catharized four times a day and Plaintiff reported that there was a decrease in urine output. (ECF No. 12, PageID #: 1362). In May 2019, a speech language evaluation indicated that Claimant's speech was within normal limits. (ECF No. 12, PageID #: 1337). Claimant's articulation scores were very mildly delayed. (ECF No. 12, PageID #:1337).

    **B.**        **Opinion Evidence at Issue**

At issue are three State agency medical consultants' opinions regarding Claimant's functional domain of health and physical wellbeing. On May 11, 2016, Louis Goorey, M.D., opined that Claimant had an extreme limitation in the domain of health and physical wellbeing. (ECF No. 12, PageID #: 134). On December 11, 2017, Uma Gupta, M.D., opined that Claimant had only a marked limitation in the domain of health and physical wellbeing. (ECF No. 12, PageID #: 143). On March 27, 2018, Elizabeth Roseberry, M.D., similarly opined that Claimant had a marked limitation in the domain of health and physical wellbeing. (ECF No. 12, PageID #: 1310).

**IV.**    **The ALJ's Decision**

    The ALJ made the following findings relevant to this appeal:

> 1. The most recent favorable medical decision finding that the claimant was disabled is the determination dated May 1, 2016. This is known as the "comparison point decision" or CPD.
>
> 2. At the time of the CPD, the claimant had the following medically determinable impairments: spina bifida, hydrocephalus, hydronephrosis, a Chiari 2 malformation, meningomyelocele, and cerebral ventriculomegaly. These impairments were found to

3

functionally equal the listings because they caused an extreme limitation in terms of the claimant's health and physical well-being (20 CFR 416.924(d) and 416.926a). Significantly, in describing the claimant's impairments as causing an extreme limitation on this domain of functioning, the State agency medical consultants noted that the claimant required surgery during her first year of life.

3. Medical improvement occurred as of December 14, 2017 (20 CFR 416.994a(c)).

5. The claimant's severe impairments since the disputed December 14, 2017 disability cessation date include all of her CPD impairments, namely spina bifida, shunted hydrocephalus, meningomyelocele, hydonephrosis, a Chiari 2 malformation, and cerebral ventriculomegaly. The claimant's severe impairments since December 14, 2017 also include a neurogenic bowel and bladder, and a mild speech delay.

6. The above-referenced impairments have not met or medically equaled one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1 at any time since the disputed December 14, 2017 disability cessation date.

7. The above-referenced impairments have not functionally equaled the Listings of Impairments at any time since the disputed December 14, 2017 disability cessation date (20 CFR 416.994a(b)(2) and 419.926a and SSR 05-03p).

8. The claimant's disability ended as of December 14, 2017, and the claimant has not become disabled again since that date (20 CFR 416.994a). Therefore, benefits ended with the close of February 28, 2018 (20 CFR 416.1331).

(ECF No. 12, PageID #: 100–09).

## V. Law & Analysis

### A. Standard of Review

The Court's review "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Winn v. Comm'r of Soc. Sec.*, 615 F. App'x 315, 320 (6th Cir. 2015); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence is defined as 'more than a scintilla of evidence but less than a

preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994)).

"After the Appeals Council reviews the ALJ's decision, the determination of the council becomes the final decision of the Secretary and is subject to review by this Court." *Olive v. Comm'r of Soc. Sec.*, No. 3:06 CV 1597, 2007 WL 5403416, at *2 (N.D. Ohio Sept. 19, 2007) (citing *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990); *Mullen v. Bowen*, 800 F.2d 535, 538 (6th Cir. 1986) (*en banc*)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently." *Id.* (citing 42 U.S.C. § 405(g); *Kinsella v. Schweiker*, 708 F.2d 1058, 1059–60 (6th Cir. 1983)).

### B. Standard for Disability

An individual under the age of eighteen is considered disabled if she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(C)(i). Once a child has been entitled to benefits, an ALJ may determine that the child is no longer entitled to them if the impairment upon which disability benefits were granted has ceased, does not exist, or is no longer disabling. 20 C.F.R. § 416.994a(a). In making this determination, the ALJ must follow two steps, considering only the impairments underlying the initial disability finding, known as the comparison point decision ("CPD"). First, the ALJ considers whether there has been any medical improvement in the CPD impairments. *Id* § 416.994a(b)(1). If there has been no improvement, the analysis ends with no cessation. *Id.* Second, the ALJ considers whether, despite improvement, the CPD impairment still meets, medically equals, or functionally equals the relevant Listing. *Id.* §

5

416.994a(b)(2). If that impairment still meets or equals the Listed impairment, the ALJ will find that the child is still disabled. *Id.*

If, however, the ALJ determines that the CPD impairment no longer meets, medically equals, or functionally equals the Listings, the ALJ considers the child's impairments, old and new, under a three-step process for evaluating a child's disability claim. *Id.* § 416.994a(b)(3). First, the ALJ must establish whether a claimant has a severe medically determinable impairment. *Id.* § 416.994a(b)(3)(i). Second, the ALJ must consider whether the claimant has an impairment or combination of impairments that meets or medically equals the listings. *Id.* § 416.994a(b)(2)(ii). Third, if the severe impairment does not meet or medically equal any listing, the ALJ must decide whether it results in limitations that functionally equal the listings. *Id.* § 416.994a(b)(3)(iii).

In determining whether an impairment or combination of impairments functionally equals the listings, the ALJ assesses the claimant's functioning in terms of six domains: 1) Acquiring and Using Information; 2) Attending and Completing Tasks; 3) Interacting and Relating with Others; 4) Moving About and Manipulating Objects; 5) Caring for Self; and 6) Health and Physical Well-Being. *Id.* § 416.926a(b)(1). To functionally equal the listings, the claimant's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. *Id.* § 416.926a(d).

**C.    Discussion**

Plaintiff raises one issue on appeal. Plaintiff argues that the ALJ's functional equivalence analysis was not supported by substantial evidence because he did not properly explain his rationale. Specifically, Plaintiff alleges that the ALJ did not properly explain his conclusion that Claimant had only a marked limitation in health and physical well-being because his explanation was inaccurate. In making this determination, the ALJ explained:

6

> The undersigned's assessment that the claimant's impairments have caused a marked, but not extreme, limitation with respect to her health and physical well-being is supported in full by the opinions of the above-mentioned State agency medical consultants who reviewed this record in 2017 (see Exs. 1A, 2A, and 8F). The undersigned has deferred to their opinions on this point in part because of their special expertise, and in part because they are not contradicted by any other opinions. The undersigned has also adopted their opinions as his own because the claimant has not had to have any surgeries since December 14, 2017, and because the medical treatment she has received for her impairments have largely been effective.

(ECF No. 12, PageID #: 108). Plaintiff argues that the ALJ's explanation is inaccurate because Dr. Goorey, a state agency medical consultant, opined that Claimant had an extreme limitation in health and physical well-being, contradicting the other two consultants' opinions. The Commissioner responds that Dr. Goorey's opinion was given before 2017 and was used for the original disability determination. In contrast, the two latter state agency medical consultants' opinions, provided in December 2017 and March 2018, both concluded that Claimant had a marked limitation in health and physical well-being. Thus, the Commissioner suggests that Dr. Goorey's opinion does not contradict the latter opinions regarding Claimant's disability post-December 14, 2017—the period at issue here. The Court agrees.

Importantly, as discussed above, the ALJ's role in this decision was to determine whether medical improvement had occurred as of December 14, 2017—the date disability ceased—and, if so, whether Claimant's impairments met or medically equaled one of the impairments since December 14, 2017. In making his functional domain determinations, the ALJ explicitly stated "[i]n determining the degree of limitation in each of the six functional domains *for the period since December 14, 2017*, the undersigned has considered all symptoms" and the objective evidence. (ECF No. 12, PageID #: 102) (emphasis added). It was in this context that the ALJ stated he deferred to the State agency medical consultants' opinions. Indeed, the ALJ specifically stated his

7

determination was supported by "the above-mentioned State agency medical consultants *who reviewed this record in 2017.*" (ECF No. 12, PageID #: 108) (emphasis added).

As Dr. Goorey's medical opinion was given prior to 2017, it could not have contradicted the other opinions regarding Claimant's post-December 2017 disability status. In fact, when giving his opinion of Claimant's 2016 disability, Dr. Goorey also stated that "the Impairment is Expected to be Disabling (Because of Residual Impairment following Surgery, or the Recovery Time Required, or Both) until the Attainment of 1 Year of Age." (ECF No. 12, PageID #: 133). Claimant turned one-year-old in January 2017. As such, Dr. Goorey's opinion actually supports the ALJ's conclusion that disability ceased by December 17, 2017. Thus, Dr. Goorey's opinion did not contradict the latter two State agency consultants' opinions. Plaintiff points to no other evidence that the post December 2017 medical opinions were contradicted and the Court finds none upon its own review. The ALJ's health and physical well-being determination was, therefore, supported by substantial evidence. Accordingly, Plaintiff's argument is without merit.

## VI. Conclusion

Based on the foregoing, the Court AFFIRMS the Commissioner's decision denying Claimant Social Security Income.

IT IS SO ORDERED.

Dated: February 8, 2022

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE